IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MICHAEL ELAM,                 )
                              )
          Petitioner,         )
                              )
     v.                       )   Civ. No. 04-1239-SLR
                              )
THOMAS CAROLL,                )
Warden,                       )
and M. JANE BRADY,            )
Attorney General for          )
the State of Delaware,        )
                              )
          Respondents.        )

---

Michael Elam.  Pro se petitioner.

Elizabeth R. McFarlan, Deputy Attorney General, Delaware
Department of Justice, Wilmington, Delaware.  Counsel for
respondents.

---

**MEMORANDUM OPINION**

Dated: September 19 , 2005
Wilmington, Delaware

**ROBINSON, Chief Judge**

## I.  INTRODUCTION

Currently before the court is petitioner Michael Elam's
("petitioner") application for a writ of habeas corpus pursuant
to 28 U.S.C. § 2254.  (D.I. 1)  Petitioner is currently
incarcerated in the Delaware Correctional Center in Smyrna,
Delaware.  For the reasons that follow, the court will dismiss
petitioner's § 2254 application as time-barred by the one-year
period of limitations prescribed in 28 U.S.C. § 2244(d)(1).

## II.  FACTUAL AND PROCEDURAL BACKGROUND

As adduced at trial,[1] on the morning of September 6, 1998, a
young woman in downtown Wilmington flagged down two police
officers who were on routine patrol in the vicinity.  She was
crying hysterically, and her shirt was torn.  The woman told the
police that she had been sitting on the steps of her apartment
building waiting for her cousin, when a man approached her and
introduced himself as "Ray."  She introduced herself and, after a
brief conversation, "Ray" asked her for money.  She told him she
did not have any, and he attacked her, grabbing her around the
neck and saying that he had just been released from jail and knew
how to get what he wanted.  He then pinned her to the ground and
searched her person, eventually locating cash concealed in her

---

[1](D.I. 13, State's Ans. Br. in <u>Elam v. State</u>, No. 598,2003,
at 3-4)

1

shoe.  "Ray" then fled.  The entire incident lasted no more than a minute.

The police broadcasted a description of the assailant. Within minutes, other officers detained a man fitting the general description.  However, when the victim was taken to view the man, she said that he was not her assailant.

The victim was taken to the police station and given four mug shot books to look through, each containing 250 photographs. At first, she picked out another individual, but then said that he was not her assailant.

Ten or fifteen minutes later, the victim picked out a photograph of petitioner, stating that he was the person who had robbed her.  Police ran petitioner's criminal record, finding a lengthy criminal history that included a previous robbery.  They also learned that he was presently on probation and had recently been released from prison.

The police went to petitioner's residence.  With his consent, they took a polaroid photograph of him.  The police then went to the victim's apartment and showed her the photograph. She confirmed that petitioner was the man who robbed her. Between the time of the robbery and the time of the second photographic identification, less than four hours had elapsed.

On December 9, 1999, a Delaware Superior Court jury convicted petitioner of second degree robbery (11 Del. C. Ann. §

831).  Petitioner was declared an habitual offender, and in February 2000, the Superior Court sentenced him to 15 years incarceration at Level V.  Elam v. State, 852 A.2d 907 (Table), 2004 WL 1535778 (Del. June 18, 2004).  Petitioner appealed, and the Delaware Supreme Court affirmed his conviction and sentence.  Elam v. State, 2001 WL 46379 (Del. Jan. 16, 2001).

On August 6, 2003, petitioner filed a motion for state post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61.  His motion asserted three claims: (1) the police violated his Fifth and Sixth Amendment rights when they took a photo of him for identification purposes without advising him of his Miranda rights or having counsel present; (2) the rules of discovery were violated when the prosecutor failed to produce the victim's criminal record and signed statement to defense counsel; and (3) ineffective assistance of counsel.  (D.I. 11, State v. Elam, Cr. A. No. IN98-09-1109 R1, Order (Del. Super. Ct. Nov. 25, 2003))  The Superior Court denied the motion on November 25, 2003.  State v. Elam, Cr. A. No. IN98-0-1109 R1, Slights, J. (Del. Super. Ct. May 27, 2004).  Petitioner appealed, and the Delaware Supreme Court affirmed the Superior Court's decision.  Elam v. State, 2004 WL 1535778 (Del. June 18, 2004).

In September 2004, petitioner filed in this court a form § 2254 application asserting two claims: (1) his appellate counsel provided ineffective assistance by failing to assert the claims

3

petitioner asked him to raise, and also, because he never contacted petitioner in preparing his appeal; and (2) the trial judge abused his discretion by admitting prior offense evidence that outweighed its probative value.  (D.I. 1, at ¶ 12(A),(B))

The State asks the court to dismiss his entire § 2254 application as untimely.[2]  (D.I. 13, at 4-6)

Petitioner's "Response" asks the court to equitably toll the limitations period to prevent a miscarriage of justice. (D.I. 13)

Petitioner's § 2254 application is now ready for review.

## III.  DISCUSSION

### A.  One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must comply with AEDPA's requirements.  See generally Lindh v. Murphy, 521 U.S. 320, 336 (1997).  AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners.  28 U.S.C. § 2244(d)(1).  The one-year limitations period begins to run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time

---

[2]The State also correctly asserts that petitioner procedurally defaulted these claims without demonstrating cause and prejudice, thereby barring federal habeas review.  (D.I. 9, at 2-3).  However, given the fact that the instant application is time-barred, the court will not discuss the alternative procedural default argument.

for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's § 2254 application, dated August 26, 2004, is subject to the one-year limitations period contained in § 2244(d)(1). See Lindh, 521 U.S. at 336. He does not allege, nor can the court discern, any facts triggering the application of §§ 2244(d)(1)(B),(C), or (D). Accordingly, the one-year period of limitations began to run when petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final, and the one-year period begins to run, upon expiration of the ninety-day time period allowed for seeking certiorari review. See Kapral v. United States, 166 F.3d 565, 575, 578 (3d Cir. 1999); Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999). Here, the Delaware Supreme Court affirmed petitioner's conviction and sentence on January

16, 2001.  Petitioner did not apply for certiorari review, thus, his conviction became final on April 16, 2001.  See Kapral, 166 F.3d at 575, 578 (3d Cir. 1999).  Accordingly, to comply with the one-year limitations period, petitioner had to file his § 2254 application by April 16, 2002.

Petitioner filed his habeas application on August 26, 2004,[3] more than two years too late.  Therefore, his habeas application is time-barred and should be dismissed, unless the time period can be statutorily or equitably tolled.  See Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999).  The court will discuss each doctrine in turn.

**B. Statutory Tolling**

Section 2244(d)(2) of AEDPA specifically permits the statutory tolling of the one-year period of limitations:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending should not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).  A properly filed state post-conviction motion tolls AEDPA's limitations period during the time the

---

[3]A pro se prisoner's habeas application is deemed filed on the date he delivers it to prison officials for mailing to the district court.  See Longenette v. Krusing, 322 F.3d 758, 761 (3d Cir. 2003);  Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998); Woods v. Kearney, 215 F.Supp.2d 458, 460 (D.Del. 2002)(date on petition is presumptive date of mailing, and thus, of filing). Petitioner's application is dated August 26, 2004 and, presumably, he could not have delivered it to prison officials for mailing any earlier than that date.

action is pending in the state courts, including any post-conviction appeals. Swartz v. Meyers, 204 F.3d 417, 424-25 (3d Cir. 2000). "An application is properly filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000). However, even if a state post-conviction motion is properly filed under state procedural rules, it will not toll or revive AEDPA's limitations period if the state post-conviction motion is filed after the expiration of the federal filing period. See Long v. Wilson, 393 F.3d 390, 394-95 (3d Cir. 2004)("the state habeas petition had no effect on tolling [because AEDPA's] limitations period had already run when it was filed"); Price v. Taylor, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002).

Here, when petitioner filed his Rule 61 motion on August 6, 2003, AEDPA's limitations period had already expired in April 2002. Thus, his Rule 61 motion has no tolling effect. The court will now consider the doctrine of equitable tolling.

### C. Equitable Tolling

It is well-settled that a federal court may, in its discretion, equitably toll AEDPA's limitations period. Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616 (3d Cir. 1998); United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998); Thomas v. Snyder, 2001 WL 1555239, at *3-4 (D. Del. Nov.

7

28, 2001).  Courts are to "sparingly" apply equitable tolling, and "only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice."  Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (quoting Midgley, 142 F.3d at 179).

In order to trigger equitable tolling, the petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way; mere excusable neglect is insufficient.  Miller, 145 F.3d at 618-19 (citations omitted);  Schlueter v. Varner, 384 F.3d 69, 77 (3d Cir. 2004).  Consistent with these principles, the Third Circuit has specifically limited equitable tolling of AEDPA's limitations period to the following circumstances:

>    (1) where the defendant actively misled the plaintiff;
>    (2) where the plaintiff was in some extraordinary way
>    prevented from asserting his rights; or
>    (3) where the plaintiff timely asserted his rights
>    mistakenly in the wrong forum.

Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).

Petitioner asks the court to equitably toll the limitations period because he is actually innocent, and a miscarriage of justice will occur if the court does not address the merits of his claim.  The only support offered for his actual innocence claim is his statement that "in light of all evidence [] it is more likely than not that no reasonable juror would have

8

convicted petitioner if [the] trial judge did not allow the
admission of prior bad act evidence which caused the jurors to
form in their minds a fixed bias toward petitioner." (D.I. 13)

This argument fails to trigger equitable tolling. As an
initial matter, the Third Circuit Court of Appeals has not yet
determined whether a showing of actual innocence is grounds for
equitably tolling AEDPA's statute of limitations. Downes v.
Carroll, 348 F. Supp. 2d 296, 304 (D. Del. 2004); see, e.g.,
Knecht v. Shannon, 132 Fed. Appx. 407, 409 n.2 (3d Cir. May 25,
2005)(not precedential). Even if a showing of actual innocence
could trigger the equitable tolling doctrine, petitioner would
have to "support his allegations of constitutional error with new
reliable evidence – whether it be exculpatory scientific
evidence, trustworthy eyewitness accounts, or critical physical
evidence – that was not presented at trial." Hubbard v. Pinchak,
378 F.3d 333, 339-40 (3d Cir. 2004); see Schlup v. Delo, 513
U.S. 298, 327 (1995). His unsupported and conclusory statement
fails to satisfy this standard.

Further, petitioner has not alleged, and the record does not
reveal, that extraordinary circumstances prevented him from
timely filing the instant application. To the extent petitioner
made a mistake or miscalculation regarding the one-year filing
period, such mistakes do not warrant equitably tolling the
limitations period. See Simpson v. Snyder, 2002 WL 1000094, at

9

*3 (D. Del. May 14, 2002).  Therefore, the court concludes that the application of the equitable tolling doctrine is not warranted in this case.

Accordingly, the court will dismiss petitioner's habeas application as time-barred.

## IV.  CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability.  See Third Circuit Local Appellate Rule 22.2.  A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  28 U.S.C. § 2253(c)(2);  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling.  Id.  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not

10

conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."   Id.

The court finds that petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is time-barred. Reasonable jurists would not find this conclusion to be unreasonable.  Consequently, the court declines to issue a certificate of appealability.

**V.   CONCLUSION**

For the reasons stated, petitioner's application for habeas relief pursuant to 28 U.S.C. § 2254 is denied.  An appropriate order shall issue.

11